PERKINS v. STORRS et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. REFERENCE—ALLOWANCE OF AMENDMENTS—OBJECTIONS—WAIVER.
  Where defendant consents to the decision by a referee of a motion to amend the complaint, he cannot afterwards contend that the amendment was such that it could only be allowed at special term.

2. SAME—POWER OF REFEREE.
  Under the express provisions of Code Civ. Proc. §§ 723, 1018, a referee has the same power as the court to amend pleadings to conform to the proof.
  [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, § 90.]

3. PLEADING—AMENDMENT—CHANGING CAUSE OF ACTION.
  In an action for partition, an amendment of the complaint, merely showing how the various parties acquired their respective interests, leaving the action between the same parties and for partition of the same property, does not change the cause of action.
  [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 686–692, 708½.]

4. APPEAL—RECORD—CONTENTS OF PLEADINGS.
  Where appellant does not furnish the court with a copy of the judgment roll, including the pleadings, as required by General Rules of Practice, No. 41, uncontroverted statements of respondent's counsel as to contents of one of appellant's pleadings will be regarded as correct.

5. COURTS—RECORDS—CONSTRUCTION—PLEADING—AMENDMENT.
  An entry in the record that the answer is to be regarded as amended to put the allegations of the amended complaint in issue only means that the allegations added by the amendment are to be deemed controverted, and not that allegations of the original complaint not denied by the original answer are to be considered as controverted.

6. DEEDS—INTEREST CONVEYED.
  Under the express provisions of Real Property Law, Laws 1896, p. 593, c. 547, § 210, a deed can convey no greater interest than the grantor possesses.

Appeal from Judgment on Report of Referee.

Action by Susan E. Perkins against Amanda M. Storrs and others. From an interlocutory judgment upon the report of a referee, defendant Amanda M. Storrs appeals. Affirmed.

In the original complaint it was alleged that in 1893 one William Storrs, plaintiff's brother, being the owner in fee of an undivided one-half of the real property therein described, died intestate, and that said premises descended to his heirs, who were named, one of whom was the plaintiff. It was also alleged that the other undivided one-half of the property was owned by Orrin Storrs, a brother of William, who died in 1892, previous to the death of William, and that plaintiff was seized in fee by inheritance and entitled to the equal undivided one-third part of said real estate of said Wiliam Storrs, deceased, or one-sixth of the entire estate of William Storrs and Orrin Storrs. On the trial the proof showed and the referee has found that William Storrs and Orrin Storrs, brothers, were in their lifetime seised in fee of the premises in question, and continued to own the same until their deaths; that Orrin died intestate in 1892, leaving, him surviving, three children, Charles L., William H., and Jennie; that William died intestate in 1893, leaving, him surviving, as his heirs at law, his brother, Elbridge G., his sister, the plaintiff, Susan E. Perkins, and said Charles L., William H., and Jennie, children of said deceased brother, Orrin; that said Charles L., William H., and Jennie thereafter conveyed to said Elbridge G. Storrs their interests in all the lands owned by William and Orrin at the time of their deaths, including the premises in question; and that said Elbridge G. thereafter, and in 1899, conveyed to the defendant Amanda M. Storrs all his interest in the property in question. The referee further found that the plaintiff, Susan E. Perkins, was at the time of the commencement of the action seized in fee-simple absolute of an undivided one-sixth part of said premises, and the defendant Amanda M. Storrs was seised of an undivided five-sixths part thereof. The referee reported that the plaintiff is entitled to the usual interlocutory judgment in partition, and directed a sale thereof. From such interlocutory judgment, the defendant Amanda M. Storrs has appealed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Adelbert W. Boynton, for appellants.

Seth S. Allen, for respondent.

CHESTER, J. At the close of the plaintiff's proof the defendants' counsel moved to dismiss the complaint, on the ground that the plaintiff had failed to prove her cause of action, whereupon plaintiff's counsel moved to amend her complaint to conform to the proof by inserting allegations to show how the undivided half of the premises owned by said Orrin Storrs, the brother of William, had descended to the parties to the action, in order to make it clear that the purpose of the action was to procure a partition of the entire estate, instead of an undivided one-half thereof. Counsel for the defendant Amanda M. Storrs consented that the referee might pass upon the proposed amendment with the same force and effect that the court might at special term, without prejudice, however, to the objections and motions already made. The referee granted the amendment, and it was thereupon stated in the record that the answer is deemed to be amended to put the allegations of the amended complaint in issue. The appellant's counsel now urges that the referee had no right to allow the amendment, as it changed the cause of action, and could only have been granted at Special Term. If that was so, in view of the appellant's consent that the referee might

pass upon it, she has precluded herself from taking advantage of it here. But the amendment did not change the cause of action. The referee on the trial had the same power as the court to amend the pleadings to conform to the facts proved. Code Civ. Proc. §§ 723, 1018. The action after the amendment was for partition of the same property, between the same parties, having the same interests as alleged in the original complaint. The amendment simply supplied an omission therein, to show how the parties received the interests it was claimed they had, and it in no sense changed the cause of action.

The appellant further urges that as the deeds to her from her husband, Elbridge G. Storrs, put in evidence by the plaintiff, were warranty deeds, and conveyed on their face the entire estate in the premises, and as plaintiff proved no title in William Storrs and Orrin Storrs to the lands in question, the appellant was shown to be the owner of the entire estate, and therefore that the plaintiff had not shown any title or possession in herself that would authorize her to maintain the suit. The action was evidently tried on the theory, as alleged in the complaint, that William Storrs and Orrin Storrs were each the owners of an undivided one-half interest in the property at the time of their respective deaths, and that the appellant's husband had settled with the plaintiff for any interest she had in the premises. The record on this appeal is a very imperfect one, and contains only portions of the judgment roll. It does not contain the appellant's answer. It is said in the respondent's brief that the allegation in the complaint that William Storrs was the owner in fee of an undivided one-half of the real property described, and died intestate as to the same, was in no wise denied in the answer. The brief of respondent's counsel also set out what he says are all the important allegations of the answer. These contain no denial of the interest of Orrin at the time of his death. These statements in respondent's brief were in no wise denied by the appellant in her oral argument, and no reply brief has been furnished controverting them. It was the duty of the appellant to furnish the court on this appeal with a copy of the judgment roll, including the pleadings (General Rules of Practice, 41), and, she having failed to do so, and not having denied the statements of respondent's counsel as to the answer, we may assume, for the purpose of sustaining the judgment appealed from, that the respondent has correctly informed us what the answer contained. The parts of the complaint that are admitted by not being denied, together with the proofs, show a complete chain of title from William and Orrin Storrs to these parties, and their interests under the proofs have been correctly stated and found by the referee.

It is not to be assumed that the entry in the record that the answer is deemed to be amended to put the allegations of the amended complaint in issue means anything more than that the allegations added by the amended complaint are to be deemed controverted by the answer.

While the deeds from Elbridge G. Storrs to his wife purport to convey the entire title to the premises to the defendant, yet the proofs clearly show that he owned only five-sixths interest therein as tenant in common, and therefore he could not convey any greater estate or in-

terest than he possessed. Section 210 of the real property law (Laws 1896, p. 593, c. 547).

The interlocutory judgment should be affirmed, with costs. All concur.